# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| LINDA R. LUND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket No. 1:24-cv-00379-NT |
| | ) |
| WELLS FARGO BANK, | ) |
| NATIONAL ASSOCIATION, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

Before me is a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure filed by Defendants Wells Fargo Bank, National Association and Rae Ann Rice (ECF No. 11). For the reasons that follow, I grant the motion as to the one federal claim brought under 15 U.S.C. § 1639e and dismiss that claim, and I remand the remainder of the case.

## BACKGROUND[1]

In 2009, Plaintiff Linda Lund owned two parcels of real estate in Machiasport, Maine, which she refers to as the House Lot and the Vacant Lot. Compl. ¶¶ 1–2 (ECF No. 1-1). On Christmas Eve of 2009, Lund entered into a reverse mortgage (called a Closed-End Fixed Rate Home Equity Conversion Mortgage) with Defendant Wells

---

[1] Because I am deciding a Rule 12(c) motion, I view the facts contained in the pleadings in the light most favorable to Plaintiff Linda Lund as the non-moving party and draw all inferences in her favor. *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54 (1st Cir. 2006).

Fargo Bank, National Association ("**Wells Fargo**").[2] Compl. ¶ 11. The reverse mortgage gave Wells Fargo a security interest in property Lund owned, and it was insured by a second mortgage given to the Secretary of Housing and Urban Development ("**HUD**"). Compl. ¶¶ 11, 15. According to Lund, she intended to mortgage only the House Lot, not the House Lot *and* the Vacant Lot, when she executed the reverse mortgage.[3] Compl. ¶¶ 16, 41.

Even though Lund never wanted to mortgage the Vacant Lot, the reverse mortgage documents prepared and recorded by Wells Fargo show otherwise. Compl. ¶¶ 10–18. "Exhibit A" to the reverse mortgage describes the property encumbered by the mortgage, and the description encompasses both parcels of land, the House Lot and the Vacant Lot. Compl. ¶ 12. Lund notes that Exhibit A to the Wells Fargo mortgage does not contain her initials. Compl. ¶ 14, Compl. Ex. 4. The accompanying HUD mortgage, however, includes initials on Exhibit A, though Lund alleges that those initials are not hers and were forged. Compl. ¶¶ 20, 40, Compl. Ex. 5. Lund claims that, in connection with these 2009 mortgages, Wells Fargo and a reverse mortgage consultant with Wells Fargo, Defendant Rae Ann Rice (together, the "**Wells**

---

[2] "A reverse mortgage is a loan or line of credit available to a person over the age of 62 who has equity in real estate, typically the person's home. The loan provides the borrower with cash . . . and is secured by the borrower's equity in the real estate." *Summers v. Fin. Freedom Acquisition LLC*, 807 F.3d 351, 354 (1st Cir. 2015). "There are no monthly payments; instead, the loan is due and payable in full when the borrower dies, sells the home, or no longer uses the home as her principal residence." *Id. See also* 15 U.S.C. § 1602(cc) (defining the term "reverse mortgage transaction" as "a nonrecourse transaction in which a mortgage, deed of trust, or equivalent consensual security interest is created against the consumer's principal dwelling . . . securing one or more advances" and in which "the payment of any principal, interest, and shared appreciation or equity is due and payable . . . only after—(A) the transfer of the dwelling; (B) the consumer ceases to occupy the dwelling as a principal dwelling; or (C) the death of the consumer.").

[3] Lund planned to convey the Vacant Lot to her daughter. Compl. ¶ 21.

**Fargo Defendants**"), denied Lund her choice of attorney at the Christmas Eve closing, committed several fraudulent acts, and deceitfully breached their contract with Lund to mortgage only her House Lot and not the Vacant Lot. Compl. ¶¶ 30, 43, 55–56. Because the two reverse mortgages are secured by both the House Lot and the Vacant Lot, Wells Fargo and HUD each hold a security interest against Lund's property in the amount of $533,250. Compl. ¶ 17.

Also implicated in this alleged conspiracy are Defendants Gordon Appraisal Services, Inc. and Donald T. Gordon (the "**Appraiser Defendants**"). Lund believes the Wells Fargo Defendants used the Appraiser Defendants to inflate the value of the mortgaged property by consolidating the House Lot and Vacant Lot so they could circumvent HUD regulations. Compl. ¶¶ 63–65. According to Lund, the appraisals commissioned by the Wells Fargo Defendants and completed by the Appraiser Defendants were deliberately falsified to facilitate the reverse mortgage loan closing. Compl. ¶ 65.

On October 10, 2024, Lund filed a complaint in the Maine Superior Court in Penobscot County, alleging eleven counts against the four Defendants and naming HUD as a party in interest. Compl. ¶¶ 28, 54–112. The Wells Fargo Defendants then removed the case to federal court and filed their answer. Notice of Removal (ECF No. 1); Answer and Affirmative Defenses of Defs. Wells Fargo Bank National Association and Rae Ann Rice (ECF No. 4). They based removal on (1) a federal law claim Lund brought against the Appraiser Defendants under 15 U.S.C. § 1639e and (2) HUD's involvement in the case as the holder of the second mortgage on Lund's property.

Notice of Removal 4–6. The Appraiser Defendants joined in the removal and filed their own answer. Joinder in Removal (ECF No. 7); Answer of Defs. Gordon Appraisal Services, Inc. and Donald T. Gordon (ECF No. 8). On November 25, 2024, the Wells Fargo Defendants filed a motion for judgment on the pleadings. Rule 12(c) Mot. for J. on the Pleading[s] on Behalf of Defs. Wells Fargo Bank, N.A. and Rae Ann Rice ("**Defs.' Mot.**") (ECF No. 11).[4] On February 27, 2025, Lund dismissed Party-in-Interest HUD and "stipulate[d] and agree[d] that no recission of any mortgage interest assigned to [HUD] or damages against [HUD] may be had." Notice of Dismissal (ECF No. 19).

## LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review that courts apply to a motion for judgment on the pleadings under Rule 12(c) "is the same as that for a motion to dismiss under Rule 12(b)(6)." *3137, LLC v. Town of Harwich*, 126 F.4th 1, 8 (1st Cir. 2025) (quoting *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007)).

That means I "follow a two-step approach" to "determin[e] whether a claim for which relief can be granted has been established." *Id.* "Step one: isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669

---

[4] On March 25, 2025, the Appraiser Defendants filed a separate motion for judgment on the pleadings. Rule 12(c) Mot. for Judgment on the Pleading[s] on Behalf of Gordon Appraisal Services, Inc. and Donald T. Gordon (ECF No. 20). Briefing on that motion is still underway.

4

F.3d 50, 55 (1st Cir. 2012). "Step two: take the complaint's well-pled (*i.e.,* non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.* This " 'context-specific' approach" "requires [me] 'to draw on' [my] 'judicial experience and common sense.' " *3137, LLC*, 126 F.4th at 8 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The additional gloss Rule 12(c) adds to this Rule 12(b)(6) standard is that "a Rule 12(c) motion 'implicates the pleadings as a whole.' " *Id.* (quoting *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54–55 (1st Cir. 2006)).

## DISCUSSION

### I. Federal Jurisdiction

The Wells Fargo Defendants removed this case to federal court "based on federal question jurisdiction" because Lund's complaint includes a claim under 15 U.S.C. § 1639e. Notice of Removal 1, 4. They also point to the fact that Lund named HUD, a federal agency, as a "party in interest" in the case. Notice of Removal 4–6.

#### A. Federal Question

Lund's complaint contains one federal claim alleging that the Wells Fargo Defendants and the Appraiser Defendants all violated appraisal independence requirements found in the Truth in Lending Act. *See* Compl. ¶¶ 76–95. Any action brought under the federal Truth in Lending Act, however, must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Wells Fargo Defendants argue that the Truth in Lending Act claim is time-barred because it is based on events that occurred in 2009 so it falls outside the one-year

statute of limitations. Defs.' Mot. 9–10. Lund concedes that the "one-year statute of limitations applies and the federal claim should therefore be dismissed." Pl.'s Mem. of Law in Opp'n to Defs. Mot. ("**Pl.'s Opp'n**") 2 (ECF No. 13). Accordingly, the federal claim brought under the Truth in Lending Act, 15 U.S.C. § 1639e, is dismissed.[5]

That marks the end of the parties' agreement on the issues. Now that the federal claim has been dismissed, Lund contends that the remaining state law claims should be remanded to state court. Pl.'s Opp'n 2–3. The Wells Fargo Defendants disagree and maintain that the case should remain in federal court because HUD is a party in interest and because supplemental jurisdiction over the state claims is appropriate. Defs.' Reply in Opp'n to Rule 12(c) Mot. for J. on the Pleading ("**Defs.' Reply**") 2–5 (ECF No. 16). And they argue that after retaining jurisdiction over the state claims, I should dismiss them all. Defs.' Reply 5–7.

### B.   HUD as a Party in Interest

The Wells Fargo Defendants point to federal statutes that provide that the United States may remove any action brought "against the United States" in state court "(1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader . . . with respect to real or personal

---

[5] I am dismissing the federal Truth in Lending Act claim against all four Defendants even though only the Wells Fargo Defendants' motion is currently before me because the Plaintiff's concession that the claim "is time-barred and may be dismissed with prejudice" applies to all of the Defendants. Pl.'s Opp'n 1; *see also* Pl.'s Mem. of Law in Opp'n to Defs. Gordon Appraisal Services, Inc. and Donald T. Gordon's Rule 12(cc) Mot. for J. on the Pleadings 2 (ECF No. 21) (noting that the Plaintiff "conceded that her federal claim under the Truth in Lending Act (TILA) is time-barred and may be dismissed with prejudice"). The federal claim is included in Count VII, which also contains a state law claim under Maine's truth-in-lending statute. I am not dismissing the state law claim in Count VII of Lund's complaint.

6

property on which the United States has or claims a mortgage or other lien." 28 U.S.C. §§ 2410(a); 1444. Based on those statutory provisions, the Wells Fargo Defendants argue that the case should remain in federal court because HUD is involved as a party in interest so "it will always have its own independent right to remove the case to federal court." Reply 5. However, these statutes give the right to remove to federal court to the United States. Here, neither HUD nor the United States exercised their right to proceed in federal court.

The proposition that Wells Fargo can exercise a right of removal explicitly given to the United under 28 U.S.C. § 1444 strikes me as dubious.[6] I need not decide this question, however, because on February 27, 2025, Lund dismissed HUD from the action without prejudice. Notice of Dismissal. Courts within the First Circuit allow a dismissal by notice against any one defendant even if other defendants have filed answers. *See, e.g.*, *Aggregates (Carolina), Inc. v. Kruse*, 134 F.R.D. 23, 25–26 (D.P.R. 1991) (holding that "a voluntary dismissal by plaintiff of any particular defendant is available (without stipulation or court order) up until the time that *that* defendant answers or moves for summary judgment" and that the court has "no power to condition that dismissal in any way") (emphasis added); *Terry v. Pearlman*, 42 F.R.D. 335, 337 (D. Mass. 1967) (" 'Where notice of dismissal is filed under Rule 41(a)(1) with regard to one of several defendants, who has served neither an answer nor a motion for summary judgment, dismissal should not be precluded by the fact that other

---

[6] The text of the statute reads: "Any action brought under section 2410 of this title against the United States in any State court *may be removed by the United States* to the district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444 (emphasis added).

7

defendants have served an answer or a motion for summary judgment . . . .'") (quoting 5 Moore's Fed. Prac. 1088). Rule 41(a)(1) "extends as fully to cases removed from a state court as it does to those commenced in a federal court." 9 Fed. Prac. & Proc. Civ. § 2363 (4th ed.). As Wright & Miller have explained:

> [R]emoval followed by dismissal frequently is employed when a plaintiff who is unwilling to prosecute the action in federal court wishes to dismiss to start a new action in state court and preclude removal by joining on[e] or more nondiverse parties, changing the amount sought, eliminating any federal claim, or otherwise. Likewise, when a dismissal would permit the state court's interpretation of state law instead of its prospective application by the federal court, the voluntary dismissal right should be read broadly.

*Id.* (footnote omitted). Because Lund voluntarily dismissed HUD from this action and there is no remaining federal question, there is no longer an independent basis for federal jurisdiction.

## II. Supplemental Jurisdiction over Remaining State Claims

That leaves the question of whether I should nonetheless exercise supplemental jurisdiction over the state law claims. The Wells Fargo Defendants urge me to do so while Lund advocates for remand of the remaining claims.

When a district court has original jurisdiction over a case based on a federal-question claim, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court, however, "may decline to exercise supplemental jurisdiction" over a state law claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[S]uch a dismissal

'sets the stage for an exercise' of the district court's broad discretion." *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 35 (1st Cir. 2018) (quoting *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256–57 (1st Cir. 1996)).

After a district court "dismisses the foundational federal claims, it must reassess its jurisdiction, this time engaging in a pragmatic and case-specific evaluation of a variety of considerations that may bear on the issue." *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998). "No categorical rule governs the analysis; a court must weigh concerns of comity, judicial economy, convenience, and fairness." *Redondo Constr. Corp. v. Izquierdo*, 662 F.3d 42, 49 (1st Cir. 2011). "[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation." *Camelio*, 137 F.3d at 672; *see also Desjardins v. Willard*, 777 F.3d 43, 46 (1st Cir. 2015) (holding that where "the federal claims that formed the basis for removal" are dismissed "well before trial," and the remaining state law claims "raise substantial questions of state law . . . best resolved in state court, . . . the surviving state law claims should be remanded to state court where they began"). "This balance promotes comity by avoiding needless federal decisions of state law while at the same time promoting fairness 'by procuring for the parties a surer-footed reading of applicable law.' " *Miller v. Town of Wenham*, 833 F.3d 46, 56 (1st Cir. 2016) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966)).

Here, following the dismissal of the federal claim, eleven state law claims remain, including counts asserting Maine common law breach of contract, fraud, and

9

misrepresentation, and counts invoking Maine's choice-of-attorney, truth-in-lending, unfair trade practices, and declaratory judgment statutes. The gist of Lund's complaint is that when she entered into a 2009 contract with Wells Fargo and Rice to take out a reverse mortgage on her House Lot, they fraudulently encumbered not just the House Lot but also the Vacant Lot that Lund did not intend to mortgage. She also claims that the Wells Fargo Defendants conspired with the Appraiser Defendants to falsify and inflate the value of the mortgaged real estate so that the reverse mortgage loan would close and they could get HUD approval and circumvent its regulations. The Wells Fargo Defendants point to Maine's general six-year statute of limitations as a bar to Lund's claims, 14 M.R.S. § 752, and Lund counters by citing a Maine statute, 14 M.R.S. § 859, that allows the limitations period in fraud cases to begin running when the plaintiff discovers the fraud instead of when the fraud occurred.

These causes of action and their defenses implicate complicated issues of state law and the application of Maine's competing statutes of limitations. If § 859 applies, the statute of limitations starts to run "when the existence of the cause of action or fraud is discovered or should have been discovered by the plaintiff in the exercise of due diligence and ordinary prudence." *Kobritz v. Severance*, 2007 ME 3, ¶ 13, 912 A.2d 1237 (quoting *Francis v. Stinson,* 2000 ME 173, ¶ 58, 760 A.2d 209). "Whether a plaintiff exercised due diligence depends on the factual circumstances of a given case, and remains a question of fact even when the fraud at issue involves

misrepresentations in a warranty deed to real property." *Drilling & Blasting Rock Specialists, Inc. v. Rheaume*, 2016 ME 131, ¶ 29, 147 A.3d 824.

Here, whether Lund should have discovered the alleged 2009 fraudulent activity earlier is not readily apparent from the pleadings. *Cf. US Bank Tr. Nat'l Ass'n as Tr. for VRMTG Asset Tr. v. Tenpenny*, 659 F. Supp. 3d 62, 72 (D. Me. 2023) ("A motion for judgment on the pleadings may be granted based on a statute-of-limitations defense if 'the pleader's allegations leave no doubt that an asserted claim is time-barred.' ") (quoting *LaChapelle v. Berkshire Life Ins.*, 142 F.3d 507, 509 (1st Cir. 1998)). The state courts are better equipped to give the parties "a surer-footed reading of applicable law" on these state law issues concerning property rights, potential fraud, and Maine's interpretation of its own statutes of limitations. *See Gibbs,* 383 U.S. at 726. This is especially true given the nascent stage of this case.[7]

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** the motion for judgment on the pleadings filed by Wells Fargo Bank, N.A. and Rae Ann Rice (ECF No. 11). The Plaintiff's claim alleging a violation of 15 U.S.C. § 1639e against all the Defendants is **DISMISSED**. The remainder of the case, including the motion for judgment on the pleadings that was filed by Gordon Appraisal Services, Inc. and

---

[7] The Defendants liken this case to another District of Maine mortgage-based case, *US Bank Trust National Association as Trustee for VRMTG Asset Trust v. Tenpenny*, 659 F. Supp. 3d 62 (D. Me. 2023). In *Tenpenny*, federal jurisdiction was based on removal by the Internal Revenue Service, a party in interest that was subsequently dismissed (as HUD was here). *Id.* at 70 n.3. The *Tenpenny* Court "elected to exercise supplemental jurisdiction over the state law claims . . . because of the extensive briefing in this case and the further delay that remand would cause." *Id.* In this case, unlike *Tenpenny*, the briefing to date has been minimal and a remand will likely result in only modest delay.

11

Donald T. Gordon (ECF No. 20), is hereby **REMANDED** to the Maine Superior Court for disposition.

SO ORDERED.

                                              /s/ Nancy Torresen_____
                                              United States District Judge

Dated this 8th day of April, 2025.